IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (USA), <br><br>             Plaintiff, <br><br> v. <br><br> WILLIAM ANDREWS and GLADYS ANDREWS, <br><br>             Defendants. | 1:15-cv-3715-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant William Andrews and Defendant Gladys Andrews (together, "Defendants") Motion to Compel Discovery [31] (the "Motion") and Second Motion to Compel Discovery [36].

**I.     BACKGROUND**

On October 22, 2015, Plaintiff filed its Complaint [1] against Defendant William Andrews. On November 6, 2015, Plaintiff John Hancock Life Insurance Company's ("Plaintiff") filed its Amended Complaint [11] against Defendants. Plaintiff asserts that it "inadvertently sent [Mr.] Andrews a check ("Check") in the amount of $188,490.00, which [Mr. Andrews] had not earned and which he had no right to receive or retain" (the "Funds"). (Am. Compl. ¶ 11). Mr. Andrews

negotiated the Check to Mrs. Andrews, who deposited it in an account she controlled.  (Id. ¶ 13).  Plaintiff discovered its mistake, and sought the return of the Funds.  (Id. ¶¶ 14-17).  Mr. Andrews did not comply with these demands, and Plaintiff initiated this action.

On November 6, 2015, Plaintiff filed its Amended Motion for Temporary Restraining Order [14] ("Amended TRO Motion"), requesting that the Court issue temporary injunctive relief against Mr. Andrews and Mrs. Andrews preventing them from spending or otherwise disposing of the Funds.  (Am. TRO Mot. at 5).

On November 9, 2015, the Court held a hearing on Plaintiff's TRO Motion and Amended TRO Motion.  At that hearing, the Court concluded that Plaintiff had not presented evidence sufficient to warrant the imposition of a temporary restraining order ("TRO").  The Court declined, under the circumstances, to issue a TRO, but ordered the parties to engage in expedited discovery, allowing Plaintiff to seek a preliminary injunction if the facts developed supported that it was entitled to injunctive relief.  (See November 10, 2015, Order by Docket Entry).

On November 13, 2015, the Court entered its Expedited Discovery Scheduling Order [17] (the "Scheduling Order").  The Scheduling Order required that Defendants serve their discovery requests on Plaintiff "[o]n or before

November 24, 2015." (Scheduling Order ¶ 2).[1] Defendants did not serve their discovery requests until December 2, 2015, eight (8) days after the deadline set by the Court. (Mot. at 21-2).

On December 7, 2015, the Court held a telephonic hearing on Plaintiff's Renewed Motion for Preliminary Injunction [25]. The Court, based on the evidence submitted with the Renewed Motion for Preliminary Injunction and the Court's discussion with counsel for the parties at the December 7, 2015, telephonic hearing, entered a TRO against Defendants. (December 8, 2015, Order at 10). The Court scheduled a hearing on Plaintiff's Renewed Motion for Preliminary Injunction for December 22, 2015. (Id.).

At the December 7, 2015, telephonic hearing, Plaintiff asked the Court if it was required to respond to Defendants' untimely discovery requests. The Court stated that Plaintiff was not required to respond, but allowed Defendants to file a motion to show good cause why Defendants should be excused from the Court's Scheduling Order.

On December 9, 2015, Defendants filed their Motion to Compel Discovery. Defendants do not present any argument that good cause exists to excuse their failure to comply with the Court's Scheduling Order. Defendants instead assert

---

[1] The deadlines set in the Scheduling Order were proposed by the parties. (See [16]).

3

that the discovery schedule "does not include an expiration date." (Mot. at 1). Defendants assert also that they need the requested discovery to support their claim that Mr. Andrews was advised by someone employed by Plaintiff that he was entitled to the Funds, and will be prejudiced if they are unable to adequately respond to Plaintiff's Renewed Motion for Preliminary Injunction, and. (Id. at 2).

## II. DISCUSSION

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order regarding discovery "may be modified only for good cause and with the judge's consent." See Fed. R. Civ. P. 16(b)(4). Good cause is shown if the party seeking an extension demonstrates that the schedule could not be met despite the party's diligence. See Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008). A district court is not obligated to extend the discovery deadline, and may "hold litigants to the clear terms of the scheduling order." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011).

Defendants' assertion that the discovery schedule "does not include an expiration date," is clearly incorrect. The Scheduling Order plainly states that "[o]n or before November 24, 2015," defendants may serve discovery

4

requests . . . ." (Scheduling Order ¶ 2).  It is uncontested that Defendants did not serve their discovery requests until December 2, 2015.

Defendants do not argue that good cause exists to excuse their failure to comply with the Court's Scheduling Order.  The Court notes that the November 24, 2015, deadline, was agreed to by Defendants.  (See [16] at 1).  Defendants do not assert that this deadline could not be met with due diligence.

Because Defendants have failed to establish good cause to excuse their failure to comply with the Court's Scheduling Order, the Court will not order Plaintiff to respond to Defendants' untimely discovery requests.[2]  See Fed. R. Civ. P. 16(b)(4).

---

[2] Defendants assert that they will be prejudiced if Plaintiff is not compelled to respond to their discovery requests. (Mot. at 2).  That Defendants may be prejudiced due to their counsel's lack of due diligence may be true.  Prejudice, however, does not establish the existence of good cause to excuse the failure to comply with the Court's Scheduling Order.  The Court notes also that the Scheduling Order only addressed expedited discovery concerning Plaintiff's request for injunctive relief.  Defendants will be entitled to engage in discovery on the merits of the case, and their defenses, during the normal course of this case.

5

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Discovery [31] and Second Motion to Compel Discovery [36][3] are **DENIED**.

**SO ORDERED** this 17th day of December, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Second Motion to Compel Discovery also does not address whether good cause exists to excuse Defendants' failure to comply with the Scheduling Order.